902 F.2d 43
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Rufus M. ROLLE.
 Misc. No. 266.
 United States Court of Appeals, Federal Circuit.
 March 22, 1990.
 
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Rufus M. Rolle petitions for writ of mandamus to compel the Merit Systems Protection Board to conduct a compliance hearing in Rolle's enforcement proceeding, AT0 75287C9009. The MSPB opposes the petition. The United States Postal Service opposes the petition. Rolle moves for leave to file a reply. Rolle moves for leave to file a memorandum.
 
 
 2
 On March 16, 1989, this court reversed the Board's August 8, 1988 decision that dismissed Rolle's petition for enforcement and directed that the enforcement proceeding be reopened. Thereafter, on September 5, 1989 the MSPB ordered:
 
 
 3
 The Board's decision issued on August 8, 1988 dismissing the appellant's petition for enforcement is hereby VACATED and the appellant's petition for enforcement is hereby REOPENED.
 
 
 4
 The order further set forth a schedule for the submission of evidence and for briefing. The MSPB proceeding is going forward and it is unclear, at this point, whether a hearing will be scheduled.
 
 
 5
 The Board's regulations do not mandate a hearing in an enforcement proceeding. See 5 C.F.R. Sec. 1201.183(a)(2) ("A hearing may be convened when necessary to resolve matters at issue"). Further, the Board states that it has not yet decided whether to hold a hearing.
 
 
 6
 Accordingly, we determine that Rolle has not established that he is entitled to the extraordinary remedy of mandamus and, in any event, that his request is premature. If Rolle is aggrieved by the Board's decision that issues in the future, he may thereafter petition this court for review and may argue that the Board's decision is improper procedurally and substantively.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Rolle's petition for writ of mandamus is denied.
 
 
 9
 (2) Rolle's motion for leave to file a reply is granted.
 
 
 10
 (3) Rolle's motion for leave to file a memorandum is granted.